Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM



**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), made subject to approval by the Court, is by and between George P. Ochoa ("Ochoa") and Jessica Baker ("Baker") (Ochoa and Baker may be referred to herein as "Class Representative" or "Class Representatives"), individually and as representatives of the Settlement Class, as defined herein, and Alltru Federal Credit Union f/k/a 1st Financial Federal Credit Union ("Alltru"). The Class Representatives, Alltru, and the Settlement Class are also sometimes individually referred to as "Party" and collectively referred to as the "Parties."

WHEREAS, Ochoa is a named plaintiff in the civil action pending before the 22nd Judicial Circuit Court, St. Louis City, Missouri, styled *Stuart Radloff, Trustee for the Bankruptcy Estate of Jerome Talamante, and George P. Ochoa v. 1st Financial Federal Credit Union*, Case No. 1922-CC10792 (the "Litigation"); and

WHEREAS, Ochoa is asserting claims against Alltru for alleged violations of Missouri Chapter 408, the Uniform Commercial Code, and common law, and seeks damages and other relief for himself and a class of persons similarly situated who obtained a secured collateralized loan or financing from Alltru where Alltru sent certain allegedly deficient written notices to the persons in connection with the sale of previously repossessed collateral; and

WHEREAS, Ochoa filed a motion for class certification (the "Class-Certification Motion") in the Litigation, and that motion was granted by the Court by written order dated June 9, 2021 (the "Class-Certification Order"), and Ochoa was appointed representative of a class of individuals as defined in the Class-Certification Order; and

WHEREAS, Stuart Radloff ("Radloff"), in his capacity as bankruptcy trustee of the Chapter 7 bankruptcy estate of Jerome Talamante ("Talamante"), is also named as party plaintiff

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

in the Litigation, was also a party to the Class-Certification Motion, and was also appointed a representative of the class of individuals defined in the Class-Certification Order; and

WHEREAS, Radloff is no longer the trustee of Talamante's bankruptcy estate, and on June 2, 2021, the then-acting trustee filed a "notice of trustee's intent to abandon property" in Talamante's bankruptcy proceeding (Case No. 17-46734 in the United States Bankruptcy Court for the Eastern District of Missouri) where the trustee expressed his intent to abandon the interest of Talamante's bankruptcy estate in the Litigation and sought an order from the bankruptcy court permitting him to do so; and

WHEREAS, on September 2, 2021, the bankruptcy court presiding over Talamante's bankruptcy proceeding ordered the bankruptcy trustee's request to "abandon all interest of the bankruptcy estate" in the Litigation was granted; and

WHEREAS, on November 5, 2021, the bankruptcy court presiding over Talamante's bankruptcy proceeding issued a "final decree" where the court found, among other things, that Talamante's bankruptcy estate had been "fully administered" and ordered that the bankruptcy trustee was "discharged and relieved of his trust" and that Talamante's bankruptcy proceeding was "closed"; and

WHEREAS, Class Counsel represents Jessica Baker, who is Talamante's daughter and acting on behalf of and for the benefit of Talamante's heirs.

WHEREAS, Alltru opposed the Class-Certification Motion and Class-Certification Order and, in furtherance of that dispute, filed its Petition for Permission to Appeal Order Granting Class Certification on June 21, 2021, in the Eastern District Court of Appeals. The Court of Appeals denied the petition on July 6, 2021, and Alltru filed a Petition for Writ of Prohibition to the Missouri Supreme Court (the "Petition for Writ"), docketed at Case No. SC99242, where Alltru

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

sought reversal of the Class-Certification Order and a finding that the Class-Certification Order was erroneous for various reasons; and

WHEREAS, the Parties, in view of their disputes and given the uncertainties of the Litigation, have agreed to settle the Litigation on the terms reflected in this Agreement;

WHEREAS, the Parties stipulate to a "Settlement Class" (defined in Paragraph 3.a of this Agreement) pending preliminary and final approval of the Settlement by the Circuit Court of St. Louis City, Missouri, comprising and defined as all persons whom, from July 3, 2013, until June 18, 2018, Alltru mailed a presale notice stating "will or will not, as applicable" or a post-sale notice.  Notwithstanding the foregoing, excluded from the "Settlement Class" are persons, who might otherwise fall within the Settlement Class's scope, against whom Alltru has obtained a final deficiency judgment or who filed for bankruptcy after the date on the presale notice they were mailed concerning the repossession of their personal-property collateral and whose bankruptcy ended in discharge unless the bankruptcy trustee employed special litigation counsel to pursue claims against Alltru; and

WHEREAS, Alltru and Alltru's counsel represented and warranted that no person was mailed a post-sale notice after June 18, 2018, that reflects that Alltru accrued and included post-default/prejudgment interest. This representation was material to Class Representative and Class Counsel in deciding to enter into this settlement.

WHEREAS, Class Representative's counsel ("Class Counsel") and Alltru's counsel have thoroughly investigated the facts relating to the claims alleged and the events and transactions underlying the Litigation, through formal and informal discovery, and have made a thorough study of the legal principles applicable to the claims being asserted against Alltru; and

WHEREAS, the Parties have agreed, subject to Court approval, to resolve the Litigation as

3

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

between Class Representatives, the Settlement Class, and Alltru under the terms of this Agreement; and

WHEREAS, the Parties and their respective counsel have engaged in arm's length negotiations and mediation concerning the settlement of the claims and causes of action being asserted against Alltru in the Litigation; and

WHEREAS, the Class Representatives, Class Counsel, and Alltru have concluded that a settlement under the terms of this Agreement will be fair, just, equitable, reasonable, adequate, and in the best interests of the respective parties based upon their investigation, study, negotiations, and discovery taken, and considering the contested issues, the expense and time to prosecute the Litigation through trial, the delays and the risks and costs of further litigation, the uncertainties of complex litigation, and the benefits to be received under this Agreement; and

WHEREAS, Alltru disputes the claims but desires to settle the claims being asserted against it on the terms and conditions in this Agreement to avoid the burden, expense, and uncertainty of continuing litigation, and to put to rest all controversies that have been or could be raised against Alltru in the Litigation; and

WHEREAS, the Parties acknowledge and agree the Agreement constitutes a compromise in settlement of the claims and causes of action that have been or could be raised by the Class Representatives and the Settlement Class (or members thereof) against Alltru and/or the other Released Persons (as defined herein) as to or in connection with any collateralized loan or financing from Alltru.

NOW THEREFORE, the undersigned Parties, each intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings in this Agreement, agree, subject to approval of the Agreement by the Court, that the Litigation and the Released Claims (as

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

defined herein) against the Released Persons are finally and fully compromised and settled and that the claims of the Class Representatives and the Settlement Class against the Released Persons shall be dismissed with prejudice as against the Released Persons:

1. **Denial of Liability; No Admissions**

The Parties are entering into the Agreement to resolve vigorously disputed claims that have arisen between them and to avoid the burdens, expense, and risk of further litigation.  By entering into any preliminary settlement discussions, agreeing to the Agreement, or seeking the approval of the Settlement, the Parties are not making any admissions or concessions regarding any claims or defenses alleged or asserted, or any factual or legal assertions in the Litigation.  Neither the Agreement nor any of its terms or provisions nor any of the negotiations between the Parties or their counsel shall be construed as an admission or concession by any of the Parties or their counsel of anything, including, but not limited to, any alleged violation or breach of contract or duty, any alleged fraud, misrepresentation, or deception, or any alleged violation of any federal, state, or local rule, regulation, guideline, or legal requirement (or any other applicable law, rule, regulation, guideline, or legal requirement).  The Parties expressly agree that, if the Court does not approve the Agreement, or if any appellate court disapproves of the Agreement in any way that prevents the Settlement from becoming final and effective, or if any other event occurs that prevents the Settlement from becoming final and effective, no Party will use or attempt to use any conduct or statement of any other Party regarding the Agreement, or any effort to seek approval of the Agreement, or any negotiations or discussions concerning the Settlement, to affect or prejudice any other Party's rights in any ensuing litigation.  The Parties expressly reserve all rights and defenses to all claims and causes of action and waive no such rights or defenses if the Agreement is not approved or fails to become effective for any reason.

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

2.    **Definitions**

As used in the Agreement, the following terms shall be defined:

2.1    **Cash Fund.** "Cash Fund" means the amount to be paid under Paragraph 4.a.

2.2    **Class Counsel**. "Class Counsel" shall mean Class Representatives' counsel, Martin L. Daesch, Jesse B. Rochman, and the law firm OnderLaw, LLC, 110 E. Lockwood Avenue, St. Louis, Missouri 63119.

2.3    **Class Mail Notice**. "Class Mail Notice" means a notice in a form substantially the same as that attached as **Exhibit A.**

2.4    **Court**. "Court" means the 22nd Judicial Circuit Court, St. Louis City, Missouri.

2.5    **Defendant's Counsel or Alltru's Counsel**. "Defendant's Counsel" or "Alltru's Counsel" both refer to Thomas Martin and Joseph Bant of the law firm Lewis Rice LLC, 1010 Walnut, Suite 500, Kansas City, Missouri 64106.

2.6    **Deficiency Write-Off.** "Deficiency Write-Off" means all deficiency account balances and deficiency claims as of the Effective Date that Alltru will write off for the benefit of the Settlement Class under Paragraph 4.m.

2.7    **Effective Date**. The "Effective Date" of the Agreement means the date when all the conditions in Paragraph 12 have occurred, provided that Alltru has not timely rescinded the Agreement under Paragraph 9 below.

2.8    **Final Approval Order**. "Final Approval Order" means an Order consistent with Paragraph 10, finally approving the Agreement and the "Settlement" under Missouri Supreme Court Rule 52.08.

2.9    **Final Hearing Date**. "Final Hearing Date" means the date set by the Court for the hearing on final approval of the "Settlement."

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

2.10    **Final Judgment**. "Final Judgment" means a Judgment of the Court consistent with Paragraph 10.

2.11    **Gross Settlement Fund**. "Gross Settlement Fund" is the Cash Fund, Deficiency Write-Off, and Credit Relief.

2.12    **Long-Form Notice.**   "Long-Form Notice" means a notice in a form substantially the same as that attached hereto as **Exhibit B**.

2.13    **Net Distributable Settlement Fund**. "Net Distributable Settlement Fund" means the "Cash Fund" plus any interest earned on the Cash Fund, while in escrow, less the sum of (a) any incentive awards approved by the Court and paid to the Class Representatives; (b) any litigation expenses and/or costs approved by the Court and awarded to Class Counsel for this litigation or for ancillary matters as referred to in Paragraph 5.b; and (c) any award of attorneys' fees to Class Counsel.

2.14    **Person(s).**  Person(s) shall have the broadest meaning possible and shall include all legal entities such as corporations, companies, and the like.

2.15    **Preliminary Approval Order**. "Preliminary Approval Order" means an Order consistent with Paragraph 8, preliminarily approving the Settlement and modifying the class definition in the Class-Certification Order for purposes of the settlement, directing the issuance of class notice, and scheduling a settlement hearing under Missouri Supreme Court Rule 52.08.

2.16    **Released Persons**. "Released Persons" shall mean Alltru, together with any of its parents or subsidiaries, and Alltru's respective members, predecessors, successors, and assigns, and each of their past and present officers, directors, shareholders, members, agents, and employees, Alltru's counsel, attorneys (including any consultants hired by counsel), accountants, insurers, heirs, executors, and administrators, and each of their respective predecessors, successors,

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

and assigns.

2.17   **Released Claims**. "Released Claims" means all claims, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses, or liabilities of any kind, in law or in equity, for any relief, including monetary, statutory damage or statutory penalty, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, and all claims for any damages, damage to credit, penalties, attorneys' fees, costs or expenses, whether known or unknown, alleged or not alleged, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or not, that concern, relate to, or arise out of Alltru's loans to the Releasors encompassed within the Settlement Class, including, but not limited to, claims relating to: (i) the making, granting of credit, any modification of, default, or collection efforts, including lawsuits or judgments, related to any Alltru direct or indirect collateralized loan encompassed by the Settlement Class; (ii) the repossession and disposition of personal property collateral related to any Alltru direct or indirect collateralized loan encompassed by the Settlement Class; (iii) the loss of use of personal property collateral for any reason, including any negative impact on redemption rights that was caused or contributed to be caused by defective notices sent to Class Members related to any Alltru direct or indirect collateralized loan encompassed by the Settlement Class; (iv) any claim related to or arising out of Alltru's electronic delivery and publication through credit reporting agencies information which was inaccurate and harmful to the credit of Class Members related to any Alltru direct or indirect collateralized loan encompassed by the Settlement Class, including the claims of defamation related thereto; (v) any claim relating to the adequacy or sufficiency of notices and disclosures related to any Alltru direct or indirect collateralized loan encompassed by the Settlement Class;

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

(vi) although not alleged in the First Amended Petition, any claims for conversion or other common-law tort or other statutory claim of any type, whether arising from federal, state, or local law or regulation which any of the Settlement Class Members have or may have had, or now have, from the beginning of time up through and including the Effective Date, against the Released Persons, that related to any Alltru direct or indirect collateralized loan encompassed by the Settlement Class.

2.18 **Releasors**. "Releasors" means the Class Representatives and all Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The Releasors shall not include: (a) any members of the Settlement Class who validly and timely opt out of the Settlement under Paragraph 9; or (b) any person(s) not identified by Alltru as a member of the Settlement Class on **Exhibit C**.

2.19 **Settlement**.   Settlement means the compromise in settlement memorialized in this Agreement.

2.20 **Settlement Administrator.**   "Settlement Administrator" means Rust Consulting, LLC or any other independent class action settlement administrator company retained by Class Counsel and approved by the Court to administer the Settlement.

2.21 **Settlement Class**. "Settlement Class" shall have the meaning defined in Paragraph 3.a.

2.22 **Settlement Class Member**. "Settlement Class Member" means any member of the Settlement Class who does not timely opt out of the Settlement under Paragraph 9.a. If a Settlement Class Member has died, then the person's estate, heirs, representatives, successors, or assigns shall be deemed a Settlement Class Member.

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

2.23    **Settlement Class Member Payment**. "Settlement Class Member Payment" means the portion of the "Net Distributable Settlement Fund" shown on **Schedule A** to be paid to the respective Settlement Class Members under the Settlement. **Schedule A** shall be prepared by Class Counsel and furnished to the Court and Defendant's Counsel within 10 business days after the information being furnished to Class Counsel under Paragraph 3.b.

2.24    **Settlement Hearing**. "Settlement Hearing" means the hearing on final approval of the settlement embodied in this Agreement.

3.    <u>**Certification of the Alltru Settlement Class**</u>

a.    Class Counsel and Defendant's Counsel will request the Court to approve a settlement for a class of persons (referred to and defined as the "Settlement Class"). The Settlement Class comprises all persons whom, from July 3, 2013, until June 18, 2018, Alltru mailed a presale notice stating "will or will not, as applicable" or a post-sale notice.  Notwithstanding the foregoing, excluded from the "Settlement Class" are persons, who might otherwise fall within the Settlement Class's scope, against whom Alltru has obtained a final deficiency judgment or who filed for bankruptcy after the date on the presale notice they were mailed concerning the repossession of their personal-property collateral and whose bankruptcy ended in discharge unless the bankruptcy trustee employed special litigation counsel to pursue claims against Alltru.

b.    Acting in good faith and using its best efforts, within fifteen (15) business days after the Court issues its Preliminary Approval Order, Alltru shall provide a list to Class Counsel of all persons it has identified as in the Settlement Class. The list provided to Class Counsel, if ordered by the Court in the Preliminary Approval Order or otherwise, shall contain for each member of the Settlement Class: (a) their name, Social Security Number, and last known address; and (b) the year of their loan or financing agreement with Alltru, loan number or other loan

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

identifier, the co-borrower or co-buyer, if applicable, the "Amount Financed" and "Finance Charge" from the truth-in-lending information in the agreement, the approximate deficiency balance remaining on the loan as of the Effective Date, and any other reasonable information that Class Counsel and Defendant's Counsel mutually agree is necessary for administration of the Settlement. To protect the privacy and the names, addresses, and other personal information of the members of the Settlement Class, the list of Settlement Class Members attached hereto as **Exhibit C** shall not be filed with the Court. **If the Court requires the list containing all the information provided to Class Counsel be filed, the Parties agree the list shall be filed under seal with the Court to protect the privacy and the names and addresses of the members of the Settlement Class.**

c.      If the Agreement is not approved by the Court under the proposed Final Approval Order and Final Judgment, the Agreement, any modifications to the scope of the class defined in the Class-Certification Order, the Settlement (including any modifications made with the consent of the Parties), and any action(s) taken or to be taken in connection therewith, shall be terminated and shall become null and void and have no further force or effect, the Preliminary Approval Order shall be vacated, the Parties shall be restored to their respective positions existing prior to the execution of the Agreement, and the Parties' rights and obligations regarding the use of the Agreement and the settlement contemplated will be subject to Paragraph 1.  In addition, neither the Agreement, the stipulated Settlement Class, the Preliminary Approval Order, nor any other document relating to any of the foregoing, shall be relied on, referred to, or used for any purpose with any further proceedings in the Litigation or any related action. In such case, or if the Agreement shall terminate or the settlement embodied does not become effective for any reason, the Agreement and all negotiations, court orders, and proceedings relating thereto shall be without

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

prejudice to the rights of the Parties, who shall be restored to their respective positions existing prior to the execution of the Agreement, and evidence relating to the Agreement, and all negotiations, shall not be discoverable or admissible.

4. **Settlement Consideration and Distribution of the Settlement Fund to the Settlement Class Members**

*Cash Fund*

a.      Within ten (10) business days after the Effective Date and receipt by Defendant's Counsel in writing of wiring instructions and a completed W-9 Tax Form from the qualified settlement fund, Alltru shall deliver $4,750,000 into the qualified settlement fund established by Class Counsel through the Settlement Administrator, subject to Paragraph 15 below, by wire transfer at its own expense or by cashier's check or some other mutually agreeable form of payment.  The account shall be labeled "Ochoa Class Action Qualified Settlement Fund."  This payment is the only payment that shall ever be required of Alltru.

b.       The Cash Fund shall be returned to Alltru if the Settlement is rescinded, terminated, vacated, voided, or the Effective Date does not arrive for any other reason.

c.      The Settlement Administrator, subject to such supervision and direction of the Court as may be necessary, shall be responsible for and shall administer and oversee the distribution of the Gross Settlement Fund, Cash Fund, and Net Distributable Settlement Fund under the terms of the Agreement and **Schedule A**.

d.      Subject to the provisions in Paragraph 9, if any members of the Settlement Class timely opt out and exclude themselves from the Settlement, the names of the "opt out" class members shall be removed from **Schedule A**, and the portion of the Net Distributable Settlement Fund attributable to said "opt outs" shall remain a part of the Net Distributable Settlement Fund and will be reallocated to the remaining Settlement Class Members *pro rata*. The Parties shall

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

submit any required revisions to **Schedule A** to the Court prior to the Final Hearing Date.

  e. Class Counsel shall calculate the Gross Settlement Fund, Cash Fund, and Net Distributable Settlement Fund, subject to approval of Defendant's Counsel, and the Settlement Administrator shall distribute the Net Distributable Settlement Fund to the Settlement Class Members in the pro rata amounts included on **Schedule A**, or as the Court may otherwise determine and approve.  Such distributions to the Settlement Class Members are referred to and defined as the "Settlement Class Member Payments."  The Settlement Administrator shall distribute the Settlement Class Member Payments within thirty (30) days after the Effective Date by checks mailed to the Settlement Class Members.  The Settlement Administrator will re-mail any returned check to any new address disclosed.  If any check is returned a second time, Class Counsel and/or the Settlement Administrator shall undertake reasonable efforts to locate a current address for the Settlement Class Member and remail the check to a new address located by the Settlement Administrator.  If any Settlement Class Member refuses to accept receipt of a Settlement Class Member Payment check, or does not cash a Settlement Class Member Payment check within thirty (30) days of receipt, Class Counsel and/or the Settlement Administrator shall undertake reasonable efforts to locate and/or contact the Settlement Class Member and inquire about receiving and/or cashing the check.

  f. Following the expiration of 120 days after the Effective Date, all checks first issued to the Settlement Class Members as a Settlement Class Member Payment not cashed or negotiated will be deemed void, and the Settlement Administrator shall stop payment on such checks. Following the expiration of 210 days after the Effective Date, all checks reissued to the Settlement Class Members as a Settlement Class Member Payment not cashed or negotiated will be deemed void, and the Settlement Administrator shall stop payment on such checks. All portions of the Net

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

Distributable Settlement Fund remaining 210 days after the Effective Date, less any costs or expenses associated with stopping payment on such checks, shall revert to and be payable to Alltru. The Settlement Administrator may stop payment by opening a new account with the same EIN as the first account or any other method the Settlement Administrator ordinarily uses to stop payment.

        g.      If necessary, the Settlement Administrator shall prepare, file, and address any requisite IRS Form 1099s arising out of distributing the Settlement Funds, and the Settlement Class Members shall be responsible for any taxes due or any tax liability arising out of distributing the Settlement Funds, forgiveness of any debt, and waiver of any deficiency balance on any loan.

        h.      Payment to joint or co-obligors or co-borrowers shall be divided equally between co-borrowers and a separate check shall be sent to each co-borrower. Any Settlement Class Member who receives a payment under the Settlement shall be solely responsible for distributing or allocating such payment between or among all co-borrowers on his, her, or their Loan, regardless of whether a payment check has been made payable to all or only some of the Settlement Class Members' co-borrowers. Each Settlement Class Member represents and warrants that he or she is entitled to receipt of the Settlement Class Member Payment and has not assigned by operation of law or otherwise the right to receipt of the Settlement Class Member Payment. The Settlement Class Members shall, upon receipt of any Settlement Class Member Payment, remit the Settlement Class Member Payment to any persons having received by assignment or operation of law any right, title, or interest to or in the Settlement Class Member Payment.

        i.      The Released Persons shall have no responsibility for, interest in, or liability regarding the investment, allocation, or distribution of the Settlement Fund, the determination, administration, calculation, or payment of claims, tax liability, the payment or withholding of taxes, or any losses in connection with the Settlement Funds or the implementation of this

Settlement.

j.      If a Settlement Class Member has filed for bankruptcy, the Settlement Class Member shall be solely responsible for providing any required notice to the bankruptcy trustee or Bankruptcy Court of the Settlement and Settlement Class Member Payment.

k.      No person shall have any claim against the Released Persons, Class Counsel, Defendant's Counsel, or any agent designated under the Agreement based upon any distributions made substantially in accordance with the Agreement or any Orders of the Court.

l.      **State Laws Relating to Deficiency.**  Notwithstanding anything to the contrary, the Parties acknowledge and agree that the Settlement Class Members' claims are premised on Missouri law, which bars the recovery of those Settlement Class Members' deficiency balances because Alltru failed to send presale or post-sale notices complying with the Missouri UCC.  The settlement consideration provided in the Agreement is determined by operation of Missouri law. The Parties will ask the Court to make an independent judicial investigation into the allegations of the sufficiency of Alltru's presale and post-sale notices (that were sent before June 18, 2018) under Missouri law and what effect any insufficiency of those notices has under Missouri law on the alleged deficiency balances of Settlement Class Members who were sent those notices.  The Parties agree that the Court's judicial investigation and determination shall be based on and expressly limited to the forms of presale and post-sale notice that were sent to Class Representative or Settlement Class Members and shall expressly exclude any revised or updated or different forms of notices that were used or sent by Alltru on or after June 18, 2018.

m.      **Write-Off of Settlement Class Members' Account Balances or Defendant's Deficiency Claims for Settlement Class Members.** Promptly upon the Effective Date of the Agreement, for all Settlement Class Members, Alltru will close those Settlement Class Members'

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

accounts that are the subject of this Litigation and write off any remaining deficiency balances then owed or claimed remaining as of the Effective Date on those Settlement Class Members' collateralized loans that are the subject of the Litigation, and will cease all collections and attempts to collect monies regarding said closed accounts and written off balances. Upon entry of the Preliminary Approval Order, Alltru will cease active collection efforts on deficiency balances covered by this paragraph, cancel or stop collections on any payment plans or collections plans in effect for any of the deficiency balances covered by this paragraph, and Alltru agrees that it will not offer any discounted settlement offers for deficiency balances covered by this paragraph. However, notwithstanding the foregoing, Alltru will be entitled to retain any payments that are made on such deficiency balances up through the Effective Date of the Settlement.  The Deficiency Write-Off and all account balances and deficiency claims written off under the terms of this Agreement and paragraph is approximately $6,340,000 as of December 20, 2021, and shall be included as part of the Gross Settlement Fund.

n.     **Credit Reporting by Alltru.** After the Effective Date, Alltru will cease reporting to the national credit reporting agencies (Experian, Equifax, and TransUnion) (the "Credit Bureaus") the trade line(s) with respect to the Settlement Class Members' accounts/loans that are the subject of this Litigation.  As soon as practicable after the Effective Date, Alltru will use its best efforts to request that the Credit Bureaus delete any reporting of the trade line(s) regarding such collateralized loans or financing for Settlement Class Members, unless such credit information is of such an age that it would already have been removed from the Credit Bureau's reporting.

The Parties acknowledge the Credit Bureaus are separate entities from Alltru. The Parties acknowledge that Alltru cannot guarantee, warrant, or take responsibility for the Credit Bureaus

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

regarding changing, deleting, suppressing, or making entries regarding any credit information or other information regarding the Settlement Class Members' accounts concerning their motor vehicle loans or financing from Alltru for any loan by Alltru.  The Parties understand the limitations on Alltru in this regard, and any action, omission, and/or error by the Credit Bureaus shall not constitute a breach of this Agreement.

Class Representatives and the Settlement Class Members acknowledge that the Credit Bureaus' processes for acting on Alltru's requests may take up to 120 days to complete.  Provided that Alltru has undertaken its obligations in this Paragraph 4.n, Class Representatives and the Settlement Class Members waive all claims, whether arising in contract or tort, common law or statute, or federal or state law (including, but not limited to, claims for any damages, attorneys' fees or costs) against Released Persons that may arise after the Agreement or which arise out of or relate to actions required to be taken by Alltru under this provision.  If a trade line covered by this paragraph fails to get deleted or the trade line reporting reoccurs, or credit information is not otherwise updated or changed as provided for in this Paragraph 4.n, on any account involved in this Litigation and subject to this paragraph after Alltru's initial request, Alltru's only responsibility, upon being notified that the deletion or update or change did not occur, will be to submit a "Universal Data Form" or equivalent or similar request to the Credit Bureaus directing them to delete the information required or to update or change it, as applicable.  If credit information subject to this paragraph is of such an age that it should already have been removed from the Credit Bureau's reporting, but was not so removed, Alltru's only responsibility, upon being notified that such credit information is still being reported, will be to submit a "Universal Data Form" or equivalent or similar request to the Credit Bureaus directing them to delete the information required or to update or change it, as applicable.  Class Representatives' expert

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

estimates the approximate benefit of the relief provided by this Paragraph exceeds $10,000/class member, and shall be included as part of the Gross Settlement Fund.

o.      **Private Letter Ruling.**  If the Court's independent judicial investigation, discussed above in Paragraph 4.l, determines that Alltru's presale and post-sale notices sent before June 18, 2018, are legally insufficient under the Uniform Commercial Code, then within 30 days after the Effective Date, Alltru will submit a request for a Private Letter Ruling to the IRS, seeking guidance to support the Parties' position that Alltru does not have to file information returns with the IRS or issue Form 1099s to Settlement Class Members relating to relief being provided to such class members in the form of the Deficiency Write-Off discussed above in Paragraph 4.m.  Both Parties shall assist in the drafting of such letter to obtain the mutual goal of obtaining a favorable ruling from the IRS that information returns or Form 1099s are not required for such class members concerning the Deficiency Write-Off.  Should a dispute arise about the content of the letter, the Parties shall try to amicably resolve the dispute, but Alltru shall have the final say as to the content of the letter in its sole discretion.  Alltru shall not file information returns, Form 1096s or Form 1099s or issue Form 1099s to affected Settlement Class Members regarding the relief in deficiency write-offs until the earlier of: (1) when Alltru receives a response from the IRS communicating its view that such information returns and/or Form 1099s must be filed with the IRS and such Form 1099s must be furnished to affected Settlement Class Members; or (2) the reporting time period for 2022, which is no later than January 31, 2023.  If, prior to the reporting time period for 2022, Alltru receives a response from the IRS communicating its view that such information returns and Form 1099s need not be filed or furnished, then Alltru will permanently not file or furnish such returns and/or Forms. If, after the reporting time period for 2022, Alltru receives a response from the IRS communicating its view that such information returns and Form 1099s need not be filed

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

or furnished, then Alltru will file or furnish amended returns and/or Forms.

Notwithstanding the foregoing, the Parties acknowledge that the deficiency write-offs, as set out in this Agreement, may have tax consequences for the affected Settlement Class Members. The Parties acknowledge that, depending on the Private Letter Ruling referenced in this paragraph, Alltru (or its agents or representatives) may file Forms 1096 and Forms 1099 (or other appropriate information returns) with the IRS or furnish copies of Forms 1099 to affected Settlement Class Members regarding the write-off of deficiency balances described in Paragraph 4.m of this Agreement, and the Released Persons shall not be liable to or subject to any claims by any Settlement Class Member or any other Releasor for doing so.  Alltru makes no representations regarding the tax consequences for the Settlement Class Members of any of the relief that they obtain through this Settlement, including, but not limited to, any deficiency write-off provided under Paragraph 4.m.  All Settlement Class Members shall be responsible for any taxes due or any tax liability arising out of the distribution of the Settlement Funds, forgiveness or write-off of any debt, waiver or write-off of any deficiency balance (or portion thereof) on any loan, and any other relief provided under this Agreement.  Alltru shall not be liable to any Settlement Class Member in connection with any claim that the IRS or any other state or federal entity or any other person or entity may make regarding the taxability of any benefits provided to any Settlement Class Member under this Settlement, including, but not limited to, any payments to Settlement Class Members and any write-off of deficiency balances.

p.      **Settlement Administrator.**  Any costs, fees, and expenses incurred in the administration of the Settlement Fund shall be paid from the Settlement Fund or by Class Counsel as the Court may direct and approve.

**5.      Incentive Award, Attorneys' Fees and Costs, No Publicity, Substitution for Radloff (Talamante's Bankruptcy Estate)**

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

a.      Class Representatives may petition the Court for the payment of an incentive award in a total amount not to exceed $10,000 for Ochoa and $5,000 for Baker in recognition of services rendered for the benefit of the Settlement Class throughout the Litigation. Any such incentive award shall be in addition to the amount to be paid to Class Representatives from the Net Distributable Settlement Fund on their individual claims. Any incentive award approved by the Court shall be paid from the Cash Fund and not in addition to it. Any incentive award approved by the Court shall be deducted from the Cash Fund and distributed to the Class Representative with his or her Settlement Class Member Payment. Alltru will not object to Class Representatives applying to the Court for and/or receiving an incentive award in the above-stated amount.

b.      Class Counsel and/or Class Representatives may petition the Court for an award of litigation expenses, settlement administration expenses, and/or court costs not to exceed $25,000. Any such expense and/or award approved by the Court shall be paid from the Cash Fund and not in addition.  Any such expense and/or award shall not include any amount for fees for Class Counsel's attorney or paralegal time.  Any such expense and/or award shall be deducted from the Cash Fund and distributed to Class Counsel the first business day after the Cash Fund is received by the Settlement Administrator. Alltru will not object to Class Counsel and/or Class Representative applying to the Court for and receiving an award of expenses and/or costs in the above amount.

c.      Class Counsel and/or Class Representatives may also petition the Court for an award of attorneys' fees which shall be a percent of the Gross Settlement Fund but shall not exceed 28% of the Gross Settlement Fund not to exceed $3,800,000. Any such fee award approved by the Court shall be paid from the Cash Fund and not in addition to it. Any such fee award approved by the Court shall be deducted from the Cash Fund and distributed to Class Counsel five business

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

days after the Cash Fund is received by the Settlement Administrator.  Alltru will not object to Class Counsel and/or the Class Representative applying to the Court for and receiving an award of attorneys' fees in the above amount.

d.      Except as provided in this Paragraph 5, each Party shall bear his or its own attorneys' fees, costs, and expenses in the prosecution, defense, and settlement of the Litigation, and specifically, without limitation, Alltru shall bear no other attorneys' fees, court costs, or expenses.

e.      Class Counsel agrees, as part of the consideration for this Settlement, that it will not in any way publicize this Settlement other than providing the Class Notices as specifically set forth herein or by Court Order.  As such, Class Counsel shall not publicize the Settlement in Missouri Lawyers Weekly or other similar publications or on social media or on Class Counsel's website; nor will they issue any press releases or speak to or communicate with the press or any media outlets about the Litigation and/or Settlement.  If a media outlet or press outlet contacts Class Counsel for comment regarding the Settlement, Class Counsel will advise the media or press outlet that the Parties reached a satisfactory agreement and that they have no further comment.

f.      Given the termination of Talamante's bankruptcy proceeding and the bankruptcy trustee's abandonment of the Litigation, Class Counsel agrees that, as part of or in connection with seeking the Preliminary Approval Order (as described below in Paragraph 8), Radloff (or Talamante's bankruptcy trustee) will be replaced with Jessica Baker as a substitute class representative and to act on behalf of and for the benefit of Talamante's heirs.

**6.      Releases**

a.      On the Effective Date, in exchange for the agreement by Alltru to make available and pay the Gross Settlement Fund under the terms and conditions of this Agreement, and for other

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

good and valuable consideration, Releasors, by operation of the Agreement and the judgment in the Final Order and Judgment, shall be deemed without further action by any person or the Court, (i) to have fully, finally, and forever released, settled, compromised, relinquished, and discharged all of the Released Persons of all Released Claims; (ii) to have consented to dismiss with prejudice the Released Claims of the Releasors against the Released Persons in the Litigation; and (iii) to be forever barred and enjoined from instituting or further prosecuting in any forum, including, but not limited to, any state, federal, or foreign court, or regulatory agency, the Released Claims. The Parties agree that the Released Persons will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this release, and that the Released Persons may seek an injunction on such action without further showing of irreparable harm.

b.      The Releasors acknowledge and agree that they know they may discover material or immaterial facts besides or different from those which they now know or believe to be true regarding the subject matter of the Release, but they intend to and do, upon the Effective Date of the Agreement, fully, finally, and forever settle and release each and every of the Released Persons from every Released Claim, known or unknown, suspected or unsuspected, accrued or not accrued, contingent or matured, which now exists, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.

c.      Subject to Court approval, each Settlement Class Member shall be bound by the Agreement and all of their claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the Litigation or the Settlement in the Class Mail Notice or otherwise.  The Release and agreements in this paragraph shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose Class Mail Notices are returned as undeliverable, and those for whom no current address can be found.

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

d.      The Releases described in this paragraph and provided by this Agreement do not affect and shall not be construed to affect any claim that Alltru may have against any third party related to the Litigation or to the class claims.

**7.      Representations and Stipulations**

a.      Alltru represents, warrants, and declares that:

(i)      it has acted in good faith and has used its best efforts in identifying the members of the Settlement Class and in providing the information referenced in Paragraph 3.b. on which the distribution of the individual Settlement Class Member Payments on **Schedule A** is based;

(ii)      to the best of Alltru's actual knowledge, there are no members of the Settlement Class other than those identified on **Exhibit C**;

(iii)      but for the "automatic bar" operation of law as enforced by the Settlement, the total amount due and owing from the Settlement Class Members for "deficiencies" on the Effective Date, if such totals could be determined or located, is approximately $6,340,000; and

(iv)      no person was mailed a post-sale notice after June 18, 2018, that reflects that Alltru accrued and included post-default/prejudgment interest.

b.      Upon the Effective Date, the following stipulations shall be made:

(i)      No Privilege Waiver.  Each Party stipulates and acknowledges that neither the Agreement nor a Party's decision to negotiate and/or execute the Agreement can show or establish that a Party's conduct during the Litigation, including that of counsel, gives rise to or constitutes a waiver of the attorney–client, common-interest, or joint-defense privilege or work-product doctrine.

(ii)      Use of Information Provided About Settlement Class Members.  The Parties agree that any information and documents that Alltru or Defendant's Counsel provides to Class Counsel about or related to the Settlement Class Members under or in connection with this

23

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

Agreement, including information provided under Paragraph 3.b, shall be kept confidential and viewed and used only by the Settlement Administrator, Class Counsel, and employees or agents of Class Counsel whose access to the information is reasonably necessary to carry out the Settlement, and such information shall be used only for the purposes of this Settlement and for no other purpose, and such information and copies in the possession of the Settlement Administrator, Class Counsel, or Class Counsel's employees shall be destroyed within 14 business days after the first of: (1) the Settlement failing to become "effective" because it is rescinded, terminated, vacated, voided, disapproved, or rejected by the Court or an appellate court, or the Effective Date does not arrive for any other reason; or (2) Class Counsel and/or the Settlement Administrator no longer need the information to carry out their obligations under the Settlement.

c.      Except for the Class Representatives and Shamelia Clark, Class Counsel represents and warrants to Alltru that they have not been retained by any existing client to commence a new lawsuit or pursue any claims or right of relief against Alltru regarding any of the Released Claims. In addition, Class Counsel agrees that they will not solicit the right to legally represent any member or members of the Settlement Class who opt out of the Settlement Class and Settlement regarding the Released Claims unless the Agreement terminates or does not become effective.

## 8.    **Preliminary Approval Order**

The Parties shall promptly move the Court for a Preliminary Approval Order that:

a.      Preliminarily modifies the class definition in the Class-Certification Order for purposes of the settlement;

b.      Preliminarily approves the Agreement as fair, reasonable, and adequate under Missouri Supreme Court Rule 52.08 subject to a final determination by the Court;

c.      Approves or confirms the appointment of Ochoa as representative of the Settlement

24

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

Class;

      d.      Approves or confirms the appointment of Class Counsel as counsel for the Settlement Class;

      e.      Declares and orders that Radloff (or Talamante's bankruptcy estate) is replaced by Jessica Baker as a substitute class representative;

      f.      Approves a form of mailed notice substantially like the Class Mail Notice attached hereto as **Exhibit A** to be sent to the members of the Settlement Class on **Exhibit C**;

      g.      Approves a Long-Form Notice (substantially like the form attached hereto as **Exhibit B**) that contains more extensive information than the Class Mail Notice and that will be provided to members of the Settlement Class by request and on a website.

      h.      Directs the Settlement Administrator to mail the Class Mail Notice within fifteen (15) business days of the receipt of the class list under Paragraph 3.b to the Settlement Class by first-class mail to the last known address of such persons and to provide the Long-Form Notice to members of the Settlement Class on a website or otherwise if Settlement Class Members request it;

      i.      Schedules a hearing for final approval of the Agreement;

      j.      Establishes a procedure for members of the Settlement Class to opt out and sets a date, approximately 45 days after the mailing of the Class Mail Notices or earlier as the Court directs, after which no member of the Settlement Class shall be allowed to opt out of the Settlement Class;

      k.      Establishes a procedure for the members of the Settlement Class to appear and/or object to the Settlement and sets a date, approximately 45 days after the mailing of the Class Mail Notices or earlier as the Court directs, after which no member of the Settlement Class shall be

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

allowed to object;

l.      Contains such other provisions consistent with the terms and provisions of the Agreement as the Court may deem advisable.

**9.      Opt Outs and Objections By Members of the Settlement Class**

a.      Procedure for Opt Outs. The deadline for opt-out requests shall be set forth in the Preliminary Approval Order. Any request to opt out must be in writing and must include the name, address, telephone number, last four digits of the Social Security Number of the Settlement Class Member seeking to opt out, and a statement that the Settlement Class Member and all other borrowers named on the Settlement Class Member's Retail Installment Contract and Security Agreement or governing loan agreement are seeking exclusion. Any opt-out request must be signed by each person who was a party to the Retail Installment Contract and Security Agreement or governing loan agreement that is the subject of this Litigation, unless such person is deceased. If a party to the Retail Installment Contract and Security Agreement or governing loan agreement is deceased, a copy of the death certificate for such person shall be submitted with the opt-out request. Any opt-out request must include a reference to "*Ochoa v. 1st Financial Federal Credit Union*, Case No. 1922-CC10792" and be mailed to the Settlement Administrator. Class Counsel will cause the Settlement Administrator to send all opt-out requests to Class Counsel and Defendant's Counsel via email within two (2) business days after receiving said requests.

To be timely and effective, any opt-out request must be postmarked by the date established by the Court in the Preliminary Approval Order. No member of the Settlement Class may opt out by having a request to opt out submitted and signed by an actual or purported agent or attorney acting on behalf of the Class Member. No opt-out request may be made on behalf of a group of Settlement Class Members. Each member of the Settlement Class not submitting an opt-out request

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

that substantially complies with this Paragraph 9 shall be included in the Settlement Class and deemed a Settlement Class Member. The Parties shall provide to the Court, by the date of the Final Approval Hearing, a list of all persons, by reference to a unique identifier and last four digits of their Social Security Number, who have timely and adequately filed a request to be excluded from the Settlement.

      b.    <u>Opt Out Limit</u>.  If opt-outs result in the exclusion from the settlement of ten percent (10%) or more of the loans otherwise covered by this Settlement, Alltru, in its sole discretion, may either rescind the Agreement, in which event every obligation under the Agreement shall cease to be of any force and effect, and the Agreement and any orders entered in connection therewith shall be vacated, rescinded, canceled, and annulled, or may obtain a *pro rata* reduction of the Net Distributable Settlement Fund. If Alltru exercises its option to rescind the Agreement, the Parties shall return to the status quo as if the Parties had not entered into the Agreement. In addition, and in such event, the Agreement and all negotiations, court orders, and proceedings relating thereto, shall be without prejudice to the rights of the Parties, and evidence of or relating to the Agreement and all negotiations shall not be admissible or discoverable. Alltru must exercise its option under this Paragraph at least 10 business days before the Final Hearing Date by giving written notice of such exercise to Class Counsel.  Alltru may provide such notice by email to Class Counsel. Notwithstanding anything to the contrary in this Agreement, if Alltru exercises its option to rescind this Agreement, it shall reimburse Class Counsel for up to $25,000 for expenses and costs actually incurred by Class Counsel regarding administering this settlement prior to rescission. Such expenses and costs shall not include Class Counsel's attorney or paralegal fees, for which there is no right to reimbursement.

      c.    <u>Procedure for Objections to Settlement</u>. Any member of the Settlement Class who

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

wishes to object to the Settlement or to the incentive awards or the awards of expenses, costs, and/or attorneys' fees must file a written notice of objection, including supporting papers as described further below (collectively referred to as the "Notice of Objection"), with the Court on or prior to the date established by the Court in the Preliminary Approval Order. To determine timeliness, a Notice of Objection shall be deemed to have been submitted when received and filed with the Clerk of Court. Copies of the Notice of Objection must also be postmarked by the date established by the Court in the Preliminary Approval Order, which shall be no later than 15 days before the Final Hearing Date, and sent to:

> Martin L Daesch, Esq.
> Jesse B. Rochman, Esq.
> Onder Law, LLC
> 110 E. Lockwood Avenue
> St. Louis, Missouri 63119
>
> (on behalf of the Settlement Class)
>
> and
>
> Thomas Martin, Esq.
> Joseph E. Bant, Esq.
> Lewis Rice LLC
> 1010 Walnut Street, Suite 500
> Kansas City, Missouri 64106
>
> (on behalf of Defendant Alltru).

The Notice of Objection must be in writing and shall specifically include:

(i)     The name, address, telephone number, facsimile number (if available), email address (if available), and last four digits of the Social Security Number of the Settlement Class Member filing the objection;

(ii)    A statement of each objection asserted;

(iii)   A detailed description of the facts underlying each objection;

(iv)    Any loan documents in the possession or control of the objector and relied upon by the objector as a basis for the objection;

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

(v)    If the objector is represented by counsel, the name, address, telephone number, facsimile number (if available), and email address (if available) of the counsel, and a detailed description of the legal authorities supporting each objection;

(vi)   If the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts that outlines each of the expert's opinions and the factual and substantive bases thereof;

(vii)  If the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documentary evidence by attaching the documents to the objection, and the objector must provide any other evidence that the objector intends to present;

(viii) A statement of whether the objector intends to appear at the hearing;

(ix)   A copy of any exhibits which the objector may offer during the hearing;

(x)    A reference to "*Ochoa v. 1st Financial Federal Credit Union*, Case No. 1922-CC10792"; and

(xi)   **A certification under 28 U.S.C. § 1746 or similar state law in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".**

Attendance at the final hearing by an objector is optional. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement, or to any other aspect of the proposed settlement, or to any provision of the Agreement. The agreed-upon procedures and requirements for filing objections should ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objections to the Agreement, in accordance with such Settlement Class Members' due-process rights. The Preliminary Approval Order and Long-Form Notice shall require all Settlement Class Members who have any objections to serve by mail or hand delivery

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

such objection upon Class Counsel and Defendant's Counsel at the addresses in the Long-Form Notice no later than the objection date set by the Court. If the objecting Settlement Class Member opts to serve the objection upon Class Counsel and Defendant's Counsel by mail, the objection must be postmarked no later than the objection date set by the Court. The Preliminary Approval Order shall further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court with the required information and documentation, or fail to serve them, shall not be heard during any hearings, nor shall their objections be considered by the Court.

10.  **Final Approval Order and Final Judgment**

   a.   The Parties agree they will request the Court to enter, after the hearing on final approval of the Agreement, a Final Approval Order finding that the Agreement is fair, reasonable, and adequate and in the best interest of the Settlement Class and ordering the Parties to carry out the Agreement.

   b.   The Parties agree they will request the Court to enter a Final Judgment dismissing all claims and motions of Alltru and the Settlement Class on the merits and with prejudice as to the Parties and Releasors, declaring that the Settlement Class Members are bound by the Releases in Paragraph 6, and noting the Court's decision to reserve continuing jurisdiction over the enforcement of the Agreement and the administration of the Settlement and distribution of the Settlement Funds.

   c.   The Settlement Administrator, with the assistance of Class Counsel, shall file a final accounting with the Court within 300 days after the Effective Date. This final accounting shall contain a summary of all the distributions of the Cash Fund. Upon receipt of the final accounting, the Court, if satisfied with such report, shall file a Notice of Acceptance of Final Accounting indicating the Court's approval. If the Court requires clarification or additional information, Class

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

Counsel shall furnish such information within 10 business days after such request.

**11.    Certifications to the Court**

a.      By the Final Hearing Date, the Settlement Administrator or Class Counsel shall file with the Court an affidavit verifying that the Court-approved Class Mail Notices have been sent by first-class mail and that the Long-Form Notice has been provided to members of the Settlement Class on a website or otherwise upon the request of Settlement Class Members.

b.      By the Final Hearing Date, the Settlement Administrator or Class Counsel shall file with the Court an affidavit verifying they have complied with the procedures described in Paragraph 14.a regarding all Class Mail Notices returned as undeliverable.

**12.    Effectiveness of Settlement Agreement**

The "Effective Date" of the Agreement shall be the date when each and all the following conditions have occurred:

a.      The Agreement has been signed by Class Representatives, Alltru, Class Counsel, and Defendant's Counsel; and

b.      A Preliminary Approval Order has been entered by the Court as required by Paragraph 8, granting preliminary approval of the Agreement and approving the forms of the Class Mail Notice and Long-Form Notice; and

c.      Radloff (or Talamante's bankruptcy estate) has been declared or ordered to be replaced by Jessica Baker to act on behalf of Talamante's heirs and to act as a substitute class representative; and

d.      The Court-approved Class Mail Notices have been duly mailed to the Settlement Class as ordered by the Court; and

e.      The Court-approved Long-Form Notice has been provided on a website that the

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

Settlement Class can access; and

  f.  The Final Approval Order has been entered by the Court as provided in Paragraph 10.a; and

  g.  The Final Judgment has been entered by the Court as provided in Paragraph 10.b; and

  h.  The Final Approval Order and the Final Judgment entered have become final and not subject to appeal because of (i) the expiration of the time for appeals therefrom with no appeal having been taken, or (ii) if review of the order, or any portion thereof, is sought by any person, the matter has been fully and finally resolved by the appellate court(s) and the time for seeking any higher level of appellate review has expired.

  i.  If any material portion of the Agreement, the Final Approval Order, or the Final Judgment is vacated, modified, or otherwise altered on appeal, any Party, in its sole discretion, may, within 14 business days after such appellate ruling, declare the Agreement has failed to become effective, and in such circumstances the Agreement shall cease to be of any force and effect as provided in Paragraph 13.

  j.  If any person was mailed a post-sale notice after June 18, 2018, that reflects that Alltru accrued and included post-default/prejudgment interest, Class Representative or Class Counsel, in his or their sole discretion, may, within 10 business days before the Final Hearing Date, declare the Agreement has failed to become effective, and in such circumstances the Agreement shall cease to be of any force and effect as provided in Paragraph 13.

  k.  Class Counsel shall file a Satisfaction of Judgment in this case within 10 business days after Alltru has filed an affidavit of compliance with the Court affirming that all obligations of Alltru have been completed as required by the Agreement.

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

**13.**     <u>**Failure of Condition**</u>

If the Agreement fails to become effective under Paragraph 12, the orders, judgment, and dismissal to be entered under the Agreement shall be null and void or otherwise vacated, and the Parties will be returned to the status quo as if the Agreement had never been entered. In addition, the Agreement and all negotiations, court orders, and proceedings relating to the Agreement shall be without prejudice to the rights of all Parties, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable. Notwithstanding anything to the contrary in this Agreement, if the Agreement fails to become effective because of the Court's determination, Alltru shall reimburse Class Counsel for half of the expenses and costs—up to an aggregate limit of $12,500—actually incurred by Class Counsel regarding administering this settlement prior to such failure. The costs and expenses shall not include Class Counsel's attorney or paralegal time, for which there is no right to reimbursement. If Alltru elects to terminate the Agreement under Paragraph 9.b, it shall reimburse Class Counsel for up to $25,000 of actual costs and expenses incurred by Class Counsel for settlement administration. The expenses and costs shall not include Class Counsel's attorney or paralegal fees, for which there is no right to reimbursement. Except as provided in this Paragraph or as provided in Paragraph 9.b, Class Counsel shall bear all costs of class administration.

**14.**     <u>**Class Notice Forms**</u>

a.     **Exhibit C** constitutes a list of the members of the Settlement Class to whom notice under the Agreement shall be provided. Prior to mailing the Class Mail Notices, the Settlement Administrator will update the addresses by the United States Postal Service's National Change of Address database or another address database service (e.g., Accurint, Intelius). The Settlement Administrator will remail any returned notices to any new address disclosed. If any notice is

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

returned a second time, the Settlement Administrator shall undertake reasonable efforts to locate a current address for the Settlement Class Members.  The notices shall be mailed within the time provided by the Preliminary Approval Order. Also within the time provided by the Preliminary Approval Order, the Settlement Administrator will provide the Court-approved Long-Form Notice on a website that the Settlement Class can access. If so requested by any member of the Settlement Class, the Settlement Administrator shall also mail a copy of the Long-Form Notice to the requesting member by first-class mail.

b.      Subject to Court approval, all Settlement Class Members shall be bound by the Agreement, and the Released Claims shall be dismissed with prejudice and released even if a Settlement Class Member never received actual notice of the Litigation or the Settlement. Further, the Parties expressly acknowledge and agree that a Final Judgment shall be entered by the Court dismissing the Released Claims and barring the re-litigation of the Released Claims, regardless of whether the claims were asserted, to the fullest extent of the law, and that any dismissal order or judgment shall be entitled to Full Faith and Credit in any other court, tribunal, forum, including arbitration forum, or agency.

## 15.   <u>Qualified Settlement Fund</u>

a.      The Cash Fund shall constitute a "qualified settlement fund" ("QSF") within the meaning of Treasury Regulation Section 1.468B-1 promulgated under Section 468B of the Internal Revenue Code of 1986 as amended. The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation §1.468B-2(k)(3).

b.       Upon establishment of the QSF, the Settlement Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

c.      If requested by either Alltru or the Settlement Administrator, the Settlement Administrator and Alltru shall fully cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

d.      Class Counsel shall cause the Settlement Administrator to file, on behalf of the QSF, all required federal, state, and local tax returns, information returns and tax withholdings statements under Treasury Regulation §1.468B-2(k)(1) and Treasury Regulation §1.468B-2(1)(2)(ii).

## 16.      Dismissal of Petition for Writ

Within three days of the execution of this Agreement by Class Representatives, Class Counsel, Alltru, and Defendant's Counsel, Alltru will file a withdrawal or dismissal of its Petition for Writ currently pending before the Missouri Supreme Court.  The withdrawal or dismissal will be without prejudice, and if this Settlement and Agreement are not approved by the Court or fail to become effective for any reason, the Parties agree that Alltru may resubmit its Petition for Writ or submit another Petition for Writ concerning the Class-Certification Order.

## 17.      General Provisions

a.      Best Efforts to Effectuate Settlement. The Parties' counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, and to obtain Final Approval of this Agreement.

b.      Entire Agreement. This Agreement constitutes the full, complete, and entire understanding, agreement, and arrangement of and between the Class Representatives and the Settlement Class Members and Alltru regarding the Settlement and the Released Claims against

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

the Released Persons. The Agreement supersedes all prior oral or written understandings, agreements, and arrangements between the Parties regarding the Settlement and the Released Claims against the Released Persons. Except for those set forth expressly in the Agreement, there are no agreements, covenants, promises, representations, or arrangements between the Parties regarding the Settlement and/or the Released Claims against the Released Persons.

       c.      <u>Modification in Writing</u>. This Agreement may be altered, amended, modified, or waived, in whole or in part, only in a writing signed by all Parties. The Agreement may not be amended, altered, modified, or waived, in whole or in part, orally.

       d.      <u>Ongoing Cooperation</u>. The Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the Agreement. The execution of documents must take place prior to the Final Hearing Date.

       e.      <u>Duplicate Originals/Execution in Counterparts</u>. All Parties, Class Counsel, and Defendant's Counsel shall sign two copies of the Agreement, and each such copy shall be an original.  Signatures by DocuSign or other electronic means are permissible and will be as valid as wet-ink signatures.  The Agreement may be signed in one or more counterparts. All executed copies of the Settlement Agreement and photocopies thereof (including facsimile or scanned or emailed PDF copies of the signature pages) shall have the same force and effect and shall be as legally binding and enforceable as the original.

       f.      <u>No Reliance</u>. Each Party to the Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations made in the Agreement.

       g.      <u>Governing Law</u>. The Agreement shall be interpreted, construed, enforced, and

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

administered under the laws of Missouri, without regard to conflict of laws rules. The Agreement shall be enforced in the 22nd Judicial Circuit Court – St. Louis City, Missouri. Alltru, Class Representatives, and the Settlement Class Members waive any objection that each such party has to the venue of such suit, action, or proceeding and irrevocably consent to the jurisdiction of the 22nd Judicial Circuit Court – St. Louis City, Missouri in any such suit, action, or proceeding, and agree to accept and acknowledge service of all process which may be served in any such suit, action, or proceeding.

h.      <u>Reservation of Jurisdiction</u>. Notwithstanding the dismissal of and entry of a judgment on the Released Claims, the Parties agree that the Court should retain jurisdiction to enforce the terms of the Agreement.

i.      <u>Binding on Successors</u>. Upon execution, the Agreement shall bind and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs, and legal representatives.

j.      <u>Mutual Preparation</u>. The Agreement shall not be construed more strictly against one party than another merely because the form of the Agreement may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's length negotiations between the Parties, all Parties have contributed to the preparation of the Agreement.

k.      <u>Gender Neutrality</u>. All personal pronouns used in the Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

l.      <u>Taxes</u>. All Settlement Class Members are responsible for paying and reporting any federal, state, and local income taxes that may be due on any payments made to them and any other benefit they receive under the Agreement, including, but not limited to, any benefits related to the

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

Deficiency Write-Off.

      m.     <u>No Other Financial Obligations on Alltru</u>.  Alltru shall not be liable or obligated to pay any fees, expenses, costs, or disbursements to Class Representatives, Class Counsel, or the Settlement Class Members, either directly or indirectly, for the Litigation or the administration of the Agreement, other than the amounts specifically provided in this Agreement.  Any miscellaneous settlement administration expenses of any kind shall be advanced by Class Counsel and reimbursed from the Settlement Funds, subject to the Court's approval.

      n.     <u>Authority</u>. Each of the Parties to the Agreement represents, covenants, and warrants that (a) they have the full power and authority to enter into and consummate all transactions contemplated by the Agreement and have duly authorized the execution, delivery, and performance of the Agreement and (b) the person executing the Agreement has the full right, power, and authority to enter into the Agreement on behalf of the party for whom he/she has executed the Agreement, and the full right, power, and authority to execute all necessary instruments, and to fully bind such party to the terms and obligations of the Agreement.

      o.     <u>Exhibits</u>. The exhibits attached to the Agreement are incorporated as though fully set forth in the Agreement.

      p.     <u>Own Fees and Costs</u>. Except as otherwise provided in this Agreement, each Party shall bear his or its own attorneys' fees, costs, and expenses in the prosecution, defense, or settlement of the Litigation.

      q.     <u>Alltru Reserves Claims</u>.  Notwithstanding any of the foregoing, except as specifically provided in this Agreement concerning deficiency claims against Settlement Class Members, nothing in this Agreement is intended to release any claims that Alltru may have related to or arising from the Litigation or the Settlement, including, without limitation, possible claims

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

against any attorneys or law firm who represented Alltru or against any insurance company, broker, or other third party.  All such claims are expressly preserved.

[*The rest of this page is intentionally left blank*]

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused the Agreement to be executed as of the ___18___ day of February, 2022.


Dated:  February ___18___, 2022

_____
George P. Ochoa, for himself and the
Settlement Class Members

Dated:  February ___18___, 2022

_____
Jessica Baker, for herself, Talamante's heirs,
and the Settlement Class Members


Alltru Federal Credit Union

Dated:  February _____, 2022

By:_____

Name:_____

Title:_____


Class Counsel

Dated:  February ___18___, 2022

By:_____


Defendant's Counsel

Dated:  February _____, 2022

By:_____


40

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

IN  WITNESS  WHEREOF,  the  undersigned,  being  duly  authorized,  have  caused  the Agreement to be executed as of the ___18___ day of February, 2022.


Dated:  February  _____, 2022

                                        _____
                                        George P. Ochoa, for himself and the
                                        Settlement Class Members

Dated:  February  _____, 2022

                                        _____
                                        Jessica Baker, for herself, Talamante's heirs,
                                        and the Settlement Class Members


                                        Alltru Federal Credit Union

Dated:  February  __18__, 2022          By: _____

                                        Name: _____

                                        Title: _____


                                        Class Counsel

Dated:  February _____, 2022         By: _____


                                        Defendant's Counsel

Dated:  February __18__, 2022           By: _____


40

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused the Agreement to be executed as of the ⟨18⟩ day of February, 2022.

Dated: February _____, 2022

                                    _____
George P. Ochoa, for himself and the Settlement Class Members

Dated: February _____, 2022

                                    _____
Jessica Baker, for herself, Talamante's heirs, and the Settlement Class Members

                                    Alltru Federal Credit Union

Dated: February ⟨18⟩, 2022

                                    By:_____

                                    Name: _Carol Minges_____

                                    Title: _Chief Executive Officer_____

                                    Class Counsel

Dated: February _____, 2022

                                    By:_____

                                    Defendant's Counsel

Dated: February ⟨18⟩, 2022

                                    By:_____

40

Electronically Filed - City of St. Louis - February 18, 2022 - 03:55 PM

## EXHIBITS AND SCHEDULES

Schedule A – Proposed Distribution Schedule of Net Distributable Settlement Fund/ Settlement Class Member Payments (To be furnished as provided for in this Agreement)

Exhibit A – Class Mail Notice

Exhibit B – Long-Form Notice

Exhibit C – Settlement Class List (To be furnished as provided for in this Agreement)